UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LISA C.,

           Plaintiff,

v.                                          5:21-CV-0042 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OLINSKY LAW GROUP                    MELISSA A. DELGUERCIO, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     HUGH DUN RAPPAPORT, ESQ.
  Counsel for the Defendant                  Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

argument was heard in connection with those motions on September 19, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 20) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 20, 2022
    Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
C

vs.                                  5:21-CV-0042

COMMISSIONER OF SOCIAL SECURITY



_____




                    DECISION AND ORDER


                    September 19, 2022


            The HONORABLE MIROSLAV LOVRIC,

              DISTRICT MAGISTRATE JUDGE




                    A P P E A R A N C E S


For Plaintiff:      MELISSA DelGUERCIO, ESQ.


For Defendant:      HUGH RAPPAPORT, ESQ.


                    Ruth I. Lynch, RPR, RMR, NYSRCR
                    Official United States Court Reporter
                       Binghamton, New York  13901
```

1         THE COURT:  All right.  The Court's going to
2    begin its analysis and decision as follows:
3         First, I note that plaintiff has commenced this
4    proceeding pursuant to Title 42 United States Code sections
5    405(g) and 1383(c) to challenge the adverse determination by
6    the Commissioner of Social Security finding that she was not
7    disabled at the relevant times and therefore ineligible for
8    the benefits that she sought.
9         By way of background, the Court notes as follows:
10        Plaintiff was born in 1969.  She is currently
11   approximately 53 years of age.  She was approximately 47
12   years old at the alleged onset of her disability on
13   January 9 of 2017.
14        Plaintiff lives in an apartment with her adult
15   son.
16        Plaintiff is approximately 5 feet zero inches in
17   height and weighs approximately 162 pounds.
18        Plaintiff has a master's degree in nursing.
19        Plaintiff's activities of daily living include
20   preparing meals, doing household chores, helping to take
21   care of three cats, shopping, driving, going out alone,
22   attending church and a variety of appointments and meetings,
23   handling money, reading, using Facebook, talking with
24   friends, watching television and self-help videos,
25   meditating, listening to motivational speakers, volunteering

at church events, and speaking to nursing students about addiction.

Procedurally the Court notes as follows for this case:

Plaintiff applied for Title II and Title XVI benefits on January 31, 2019, alleging an onset date of January 9 of 2017. Administrative Law Judge Gretchen Greisler conducted a hearing on March 6 of 2020 to address plaintiff's application for benefits. ALJ Greisler issued an unfavorable decision on March 13 of 2020. This became a final determination of the agency on November 10th of 2020 when the Social Security Administration Appeals Council denied plaintiff's application for review.

This action was commenced on January 13th of 2021, and it is timely.

In her decision, ALJ Greisler applied the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since January 9 of 2017, the alleged onset date.

At step two, the ALJ concluded that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work activities, specifically carpal tunnel syndrome/neuropathy, basilar thumb joint arthritis, spine disorder, depressive

1  disorder, anxiety disorder, bulimia nervosa, and PTSD.
2          At step three, ALJ Greisler concluded that
3  plaintiff's conditions do not meet or medically equal any of
4  the listed presumptively disabling conditions set forth in
5  the Commissioner's regulations, and the ALJ focused on
6  listing 1.02 dealing with major dysfunction of a joint;
7  listing 1.04 dealing with disorder of the spine;
8  listing 11.14 dealing with peripheral neuropathy;
9  listing 12.04 dealing with depressive, bipolar, and related
10 disorders; listing 12.06 dealing with anxiety and
11 obsessive-compulsive disorders; listing 12.13 dealing with
12 eating disorders; and listing 12.15 dealing with trauma and
13 stressor related disorders.  The ALJ also considered mental
14 health disorders under 20 CFR 404.1520a and 416.920a.
15         Next, the ALJ determined that plaintiff retains
16 the residual functional capacity to perform light work
17 except that she cannot climb ladders, ropes, or scaffolds or
18 work at unprotected heights.  The ALJ concluded plaintiff
19 can occasionally climb ramps and stairs, balance, stoop,
20 kneel, crouch, and crawl.  Plaintiff can also frequently
21 handle, finger, and feel.  The ALJ also concluded plaintiff
22 requires ready access to a restroom but her need to use the
23 restroom can generally be accommodated by the customary
24 morning, midday, and afternoon breaks.  The ALJ also
25 indicated that mentally plaintiff can perform simple work at

1  a consistent but not goal oriented pace.  She can tolerate
2  occasional contact with supervisor and coworkers.  And
3  plaintiff can also make simple decisions directly related to
4  her work and tolerate minor changes.
5          At step four, the ALJ concluded that plaintiff
6  could not perform her past relevant work as medical center
7  nurse, nurse manager, lead medical instructor, or medical
8  program director.
9          At step five, the ALJ concluded that based on the
10 testimony of the vocational expert and considering
11 plaintiff's age, education, work experience, and RFC,
12 plaintiff can perform the requirements of representative
13 occupations such as hand packager, assembler small parts,
14 and final assembler.  As a result, the ALJ concluded that
15 plaintiff has not been under a disability as defined in the
16 Social Security Act from January 9th, 2017, through the date
17 of the ALJ's decision.
18         Now, as you know, the Court's functional role in
19 this case is limited and extremely deferential.  I must
20 determine whether correct legal principles were applied and
21 whether the determination is supported by substantial
22 evidence, defined as such relevant evidence as a reasonable
23 mind would find sufficient to support a conclusion.  As the
24 Second Circuit noted in Brault V. Social Security
25 Administration Commissioner, that can be found at 683 F.3d

1  443, a 2012 case, and therein the Circuit stated that the
2  standard is demanding, more so than the clearly erroneous
3  standard.  The Court in Brault also noted that once there is
4  a finding of fact, that fact can only be rejected if a
5  reasonable fact-finder would have to conclude otherwise.
6          Now, on appeal plaintiff raises one contention.
7  Plaintiff argues that the ALJ's RFC determination is not
8  supported by substantial evidence because the ALJ failed to
9  properly evaluate the opinion evidence regarding her mental
10 impairments.  The Court notes that in plaintiff's brief the
11 plaintiff indicates plaintiff does not contest the ALJ's
12 findings as to plaintiff's physical impairments.  And in
13 that brief plaintiff articulates that the issue on appeal is
14 only plaintiff's mental impairment.
15         The Court begins its analysis as follows:
16         The record contains five evaluations regarding
17 plaintiff's mental health functioning.  First, a mental
18 health evaluation by Dr. Noia dated April 15th, 2019.
19 That could be found at docket number 12 at 586 to 590,
20 transcript pages 581 to 585.  And therein Dr. Noia concluded
21 that plaintiff had the following:
22         No limitations understanding, remembering or
23 applying simple directions and instructions; using reasoning
24 and judgment to make work-related decisions; sustaining
25 concentration and performing a task at a consistent pace;

1  sustaining an ordinary routine and regular attendance at
2  work; maintaining personal hygiene and wearing appropriate
3  attire; and being aware of normal hazards and taking
4  appropriate precautions.  Dr. Noia therein also concluded
5  that plaintiff had mild limitations as it relates to
6  understanding, remembering, or applying complex directions
7  and instructions; and interacting adequately with
8  supervisors, coworkers, and the public.  And Dr. Noia also
9  therein noted that the plaintiff had marked -- moderate to
10 marked limitations as to regulating emotions, controlling
11 behavior, and maintaining well-being.
12         Next, consultative reviewer Dr. D'Ambrocia
13 evaluated plaintiff's medical records and issued an opinion
14 dated April 25th, 2019, therein opining that plaintiff had
15 no more than moderate work-related mental limitations.  See
16 docket number 12 at 67 to 96, and that's transcript pages 62
17 through 6 -- through 91.
18         Next, consultative reviewer Dr. Ferrin evaluated
19 plaintiff's medical records and issued an opinion dated
20 July 12th of 2019, therein opining that plaintiff had no
21 more than moderate work-related mental limitations.  See
22 docket number 12 at 99 through 135, transcript pages 94
23 through 130.
24         Next, treating physician Dr. Zebrowski completed a
25 form entitled Medical Assessment of Ability to do

1  Work-Related Activities, parentheses, mental, dated
2  September 27th, 2019, see docket number 12 at 821 through
3  825, transcript pages 816 to 820, in which Dr. Zebrowski
4  opined that plaintiff had the following:
5         Dr. Zebrowski opined plaintiff had a good ability
6  to follow work rules, understanding, remember, and carry out
7  simple instructions, and maintain her personal appearance.
8         Dr. Zebrowski opined plaintiff had a fair ability
9  to relate to coworkers, make judgments on simple
10 work-related decisions, and behave in an emotionally stable
11 manner.
12        Dr. Zebrowski also opined plaintiff had marked
13 limitations in all other areas of work-related mental
14 functioning.
15        Dr. Zebrowski also opined that plaintiff is
16 incapable of any work stress.  And then, lastly, he opined
17 that plaintiff would be off task 40 to 60 percent of the
18 average day and absent from work more than 4 days per month.
19        Next, treating clinician Michelle Warner completed
20 a form titled Medical Assessment of Ability to do
21 Work-Related Activities, parentheses, mental, dated
22 November 1, 2019, and that can be found at docket number 12
23 at 862 through 866, transcript pages 857 to 861, in which
24 Miss Warner opined the same limitations as Dr. Zebrowski.
25        Now, the ALJ found all of the mental health

1   evaluations at least partially persuasive but that the
2   record does not support marked limitations in any of the
3   functioning areas.
4        The Court next turns to the analysis and first
5   indicates that for the reasons set forth in defendant's
6   brief, I find that the ALJ properly evaluated the medical
7   opinions.  With respect to the ALJ's consideration of
8   Dr. Noia's opinion, the ALJ supportably concluded that
9   Dr. Noia's moderate to marked limitations regulating
10  emotions, controlling behavior, and maintaining well-being
11  were not supported by his own examination findings and were
12  inconsistent with the other evidence.  The Court notes, as
13  defendant highlighted in her brief, the ALJ noted several of
14  Dr. Noia's findings that did not support the moderate to
15  marked limitations that he opined.  For example, Dr. Noia
16  found plaintiff's demeanor and responsiveness to questions,
17  quote, cooperative, end quote.  In addition, Dr. Noia found
18  plaintiff's manner of relating, social skills, and overall
19  presentation as, quote, adequate, end quote.
20       In addition, as set forth in defendant's brief,
21  many of plaintiff's mental status findings were largely
22  benign, plaintiff's daily activities included attending
23  church, attending a variety of appointments and meetings on
24  a regular basis, talking with friends, meditating, doing
25  volunteer activities, and talking with nursing students

1   about addiction.  Dr. Noia's moderate to marked limitations
2   were also inconsistent with, one, the medical opinions of
3   Dr. D'Ambrocia and Dr. Ferrin, who both concluded that
4   plaintiff's ability to get along with others without
5   exhibiting behavioral extremes was not significantly
6   limited, and, two, the opinions of Dr. Zebrowski and Miss
7   Warner who opined that plaintiff had a fair ability to
8   behave in an emotionally stable manner.
9           With respect to the ALJ's consideration of
10  Dr. Zebrowski and Miss Warner's opinions, the ALJ did not
11  err in concluding that their marked limitations in areas
12  such as dealing appropriately with the public, using
13  judgment, dealing with work stress, interacting with
14  supervisors or managers, and relating predictably in social
15  situations were unpersuasive.  Much like the ALJ's analysis
16  regarding Dr. Noia's opinion, the ALJ based her analysis in
17  a discussion of the supportability and consistency factors.
18          As defendant set forth in her brief and the ALJ
19  noted in her opinion, although Dr. Zebrowski's treatment
20  notes contained greater mental status findings,
21  Dr. Zebrowski treated plaintiff only one time before
22  rendering an opinion and Dr. Zebrowski's opinion was
23  inconsistent with the findings of plaintiff's other
24  providers, including her therapist.
25          As defendant set forth in her brief and as the

```
 1   ALJ noted in her opinion, the record does not contain any
 2   treatment notes from Miss Wierner -- Miss Warner, excuse me,
 3   despite her opinions stating that she had been treating
 4   plaintiff since November of 2018.  In addition, the ALJ
 5   supportably concluded that plaintiff's mental status
 6   examinations were largely normal and plaintiff's reported
 7   activities and abilities were inconsistent with marked
 8   mental limitations.  The ALJ supportably noted that
 9   plaintiff consistently attended appointments and meetings as
10   an additional basis for rejecting Dr. Zebrowski's and Miss
11   Warner's opinions that plaintiff would be off task 40 to
12   60 percent of the average day and absent from work more than
13   4 days per week month.
14            Based upon this analysis and for the reasons set
15   forth in the record, I therefore conclude that plaintiff's
16   motion for judgment on the pleadings is denied.  Defendant's
17   motion for judgment on the pleadings is granted.
18   Plaintiff's complaint is hereby dismissed, and the
19   Commissioner's decision denying plaintiff benefits is
20   hereby affirmed.
21        This constitutes the decision and analysis of the
22   Court.
23                           - - - - -
24
25
```